[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 20-13109

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CLIFFORD JUNIOR WALKER, III,
a.k.a. Zulu,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 1:11-cr-00101-JRH-BKE-1

_____

Before LAGOA, BRASHER, and EDMONDSON, Circuit Judges.

PER CURIAM:

Clifford Walker III, a federal prisoner proceeding *pro se*,[1] appeals the district court's denial of his *pro se* motion for a reduced sentence under section 404 of the First Step Act.[2]  No reversible error has been shown; we affirm.

In 2011, Walker pleaded guilty to distributing an unspecified quantity of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).  According to the Presentence Investigation Report ("PSI"), the conduct underlying Walker's conviction involved Walker's sale of 4.7 grams of crack cocaine to an FBI informant in 2008.

The PSI calculated Walker's total offense level as 29 based on the quantity of drugs involved in Walker's offense, on Walker's designation as a career offender under U.S.S.G. § 4B1.1, and on

---

[1] We read liberally briefs filed by *pro se* litigants.  *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

[2] First Step Act of 2018, Pub. L. 115-391, § 404(b), 132 Stat. 5194, 5222 (2018).

Walker's acceptance of responsibility.  Walker's total offense level combined with his criminal-history category of VI resulted in an advisory guidelines range of 151 to 188 months' imprisonment. The sentencing court sentenced Walker to 169 months' imprisonment, followed by 5 years' supervised release.

In 2020, Walker moved *pro se* to reduce his sentence pursuant to Section 404 of the First Step Act.

The district court denied Walker's motion.  The district court determined that the statutory penalty for Walker's offense of conviction -- as set forth in 21 U.S.C. § 841(b)(1)(C) -- had not been modified by the Fair Sentencing Act.  As a result, the district court concluded that Walker was ineligible for a reduced sentence under the First Step Act.

We review *de novo* whether a district court had the authority to modify a term of imprisonment under the First Step Act.  *See United States v. Jones*, 962 F.3d 1290, 1296 (11th Cir. 2020).  District courts lack the inherent authority to modify a term of imprisonment unless authorized expressly by statute.  *See* 18 U.S.C. § 3582(c)(1)(B).

In 2010, Congress enacted the Fair Sentencing Act to reduce the sentencing disparity between crack and powder-cocaine offenses. *See* Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010). The Fair Sentencing Act increased the quantity of crack cocaine necessary to trigger the higher mandatory minimum sentences provided in sections 841(b)(1)(A)(iii) and (B)(iii). *See* Fair Sentencing Act § 2(a). Important to this appeal, the Fair Sentencing Act made no express change to the statutory language in section 841(b)(1)(C). *See id.* The amended penalties under the Fair Sentencing Act applied only to defendants sentenced on or after the Act took effect on 3 August 2010. *See Dorsey v. United States*, 567 U.S. 260, 267 (2012).

In 2018, Congress enacted the First Step Act to give district courts the discretion "to apply retroactively the reduced statutory penalties for crack-cocaine offenses in the Fair Sentencing Act of 2010 to movants sentenced before those penalties became effective." *Jones*, 962 F.3d at 1293. Under section 404(b) of the First Step Act, "a district court that imposed a sentence for a covered offense [may] impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act were in effect at the time the covered

offense was committed." *Id.* at 1297 (quotations and alterations omitted). To be eligible for a reduction under section 404(b), a movant must have been sentenced for a "covered offense" as defined in section 404(a). *Id.* at 1298.

On appeal, Walker first contends he is eligible for a reduced sentence because his conviction under section 841(b)(1)(C) constitutes a "covered offense" under the First Step Act. But this argument has been foreclosed by the Supreme Court's decision in *Terry v. United States*, 141 S. Ct. 1858 (2021).

In *Terry* -- a decision issued while this appeal was pending -- the Supreme Court concluded that a violation of 21 U.S.C. § 841(b)(1)(C) constitutes no "covered offense" under the First Step Act. *See* 141 S. Ct. at 1862-63. The Supreme Court said that a violation of federal criminal law qualified as a "covered offense" only if the statutory penalties for that violation had been modified by the Fair Sentencing Act. *Id.* at 1862. The penalties for a violation of section 841(b)(1)(C) remained unchanged after the Fair Sentencing Act; so, the Supreme Court determined that a violation of subsection (C) was no "covered offense" and that a defendant convicted under subsection (C) was ineligible for a reduced sentence.

*Id.* at 1862-63. Like the defendant in *Terry*, Walker is ineligible for relief under the First Step Act.

On appeal, Walker also contends that his sentence was based in part on a judge-made drug-quantity finding in violation of *Apprendi* and *Alleyne*:[3] decisions Walker says are applicable in the context of considering a sentence reduction under the First Step Act.

In ruling on Walker's motion for relief under the First Step Act, the district court simply lacked authority to consider other unrelated challenges to the lawfulness of Walker's sentence. *See United States v. Taylor*, 982 F.3d 1295, 1302 (11th Cir. 2020) (reiterating that "the First Step Act does not authorize the district court to conduct a plenary or *de novo* resentencing."). Furthermore, we have already concluded that the rules announced in *Apprendi* and in *Alleyne* (rules that apply to factfindings that would *increase* a defendant's penalty) are not implicated when a district court determines what a movant's statutory penalty would have been under

---

[3] *Apprendi v. New Jersey*, 530 U.S. 466 (2000); *Alleyne v. United States*, 570 U.S. 99 (2013).

20-13109              Opinion of the Court                    7

the Fair Sentencing Act (a determination that can only *maintain or decrease* a movant's penalty). *See Jones*, 962 F.3d at 1303-04. A district court ruling on a motion under the First Step Act may thus rely "on earlier judge-found facts that triggered statutory penalties that the Fair Sentencing Act later modified." *Id.* at 1303.

The district court committed no error in denying Walker a sentence reduction under the First Step Act; we affirm.

AFFIRMED.